PER CURIAM.
—We held in the McGrinniss Case (People ex rel. McGrinniss v. Falmer, 6 App. Div. 19, 39 N. Y. Supp. 631) that the resolution of the board of supervisors appointing the relator assistant custodian of the records of the board did not terminate upon the day when the records were by law transferred to the city, in pursuance of chapter 686, Laws 1892, but that it continued until there was in fact an actual physical transfer. Upon appeal the court of appeals reversed this decision, and adopted as its views the dissenting opinion of Mr. Justice Cullen. That view determined that by operation of the resolution the employment of Mr. McGrinniss ceased upon the day when the consolidation act went into effect. The present relator was continued custodian under the same resolution ; consequently his case is governed by that decision. So far as relator claims that he still remains in office as clerk, by virtue of his appointment in pursuance of chapter 353, Laws 1878, it is to be said that this act did not create a new office, distinct and independent of the board of supervisors. The duties of the office of clerk were to be exercised in connection Avith the board. When the board aves abolished and ceased to have existence, all officers dependent thereon also passed out of existence, unless there was some saving clause in the act of abolition. It is not claimed that there was any resolution of the board Avhich had this effect, beyond the one already considered, or any provision in the act itself, except as the implication Avas raised by the necessity of performance of certain acts *812 required of the clerk in his official capacity. Examination of the rules of the board shows that he could only perform acts-in connection with the continued existence of the board, except where certain duties were devolved upon, him by the board j and as to those they were all required to be performed prior to the taking effect of the consolidation act. We conclude, therefore, that the effect of the consolidation act was to abolish relator’s office. He is not within the class of employés mentioned in Judge Cullen’s opinion, who survived the consolidation act.
The order appealed from should be reversed, and the writ of mandamus quashed, with $10 costs and disbursements.